U.S. DIST. COURT EAST DIST. WISC.
FILED
JAN 19 2006
AT _____ O'CLOCK _____ M
SOFRON B. NEDILSKY

Copy mailed to attorneys for parties by the Court pursuant to Rule 77 (d) Federal Rules of Civil Procedures.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN RE SHOPKO SECURITIES : Case No. 01-C-1034
LITIGATION :
: Judge Adelman

## ORDER RE: DISTRIBUTION OF CLASS SETTLEMENT FUNDS

**WHEREAS**, on August 20, 2004, this Court entered an Order and Final Judgment approving the terms of the Stipulation and Agreement of Settlement with ShopKo Stores, Inc. and William Podany dated May 28, 2004 (the "Stipulation") in the above-referenced class action; and

**WHEREAS,** this Court has directed the parties to consummate the terms of the Stipulation; and

**WHEREAS**, this Court has retained jurisdiction of this Action for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of Proofs of Claim and the distribution of the Net Settlement Fund to the Authorized Claimants.

**NOW, THEREFORE**, upon reading and filing the affidavit of Edward J. Sincavage, Heffler, Radetich & Saitta, L.L.P., the Claims Administrator, the affidavit of Robin Switzenbaum of Berger & Montague, P.C., one of Plaintiffs' Co-Lead Counsel, and upon all prior proceedings which were heretofore held herein and after due deliberation, it is hereby

**ORDERED,** that the administrative determinations of the Claims Administrator accepting the claims as indicated on the computer printout of accepted claims submitted with and

described in the Affidavit of Edward J. Sincavage, including claims submitted after October 25, 2004 until September 16, 2005, are hereby approved, and said claims are hereby accepted; and it is further

**ORDERED**, that the administrative determinations of the Claims Administrator rejecting the claims as indicated on the computer printout of rejected claims submitted with and described in the Affidavit of Edward J. Sincavage be and the same hereby are approved, and said claims are hereby rejected; and it is further

**ORDERED**, that Heffler, Radetich & Saitta, L.L.P. be paid the sum of $18,564.58 from the Settlement Fund for the balance of its fees and in reimbursement of its expenses incurred and to be incurred in connection with giving notices to the Class, preparing the tax returns for the Settlement Fund processing the Proofs of Claim, and distributing the Net Settlement Fund to the Authorized Claimants; and it is further

**ORDERED**, that the Internal Revenue Service be paid the sum of $8,500.00 for quarterly estimated taxes for the fourth quarter of 2005; and it is further

**ORDERED**, that the balances of the Settlement Fund from the Settlement payments previously allowed and set forth herein (the "Net Settlement Fund"), shall be distributed to the eligible claimants listed on the computer printout submitted with the Affidavit of Edward J. Sincavage in proportion to the Recognized Loss allocable to each such eligible claimant as shown on such printout; and it is further

**ORDERED,** that the checks for distribution to the accepted claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Plaintiffs' Co-Lead Counsel and the Claims Administrator are

authorized to take appropriate action to locate and or contact any eligible claimant who has not cashed his, her or its check within said time; and it is further

**ORDERED**, that the costs of such services to locate and reissue checks to such claimants shall be payable from the unclaimed/uncashed monies remaining in the Net Settlement Fund; and it is further

**ORDERED**, that, as provided in the Plan of Allocation previously approved by the Court, after one year after the initial distribution of the Net Settlement Funds to eligible claimants, and after appropriate efforts have been made to have the eligible claimants cash their checks, Plaintiffs' Counsel are authorized to distribute any funds remaining in the Net Settlement Fund by reason of returned or unpaid checks or otherwise, to eligible claimants who have cashed their checks, provided that they would receive at least $20.00 on such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiffs' Co-Lead Counsel and not affiliated with Plaintiffs' Counsel; and it is further

**ORDERED**, that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund are barred from

making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order, and it is further

**ORDERED**, that the Claims Administrator is hereby authorized to discard paper or hard copies of the Proof of Claim forms and supporting documents not less than one year after the initial distribution of the Net Settlement Fund to the eligible claimants and electronic or magnetic media data not less than three years after the initial distribution of the Net Settlement Fund to the eligible claimants; and it is further

**ORDERED**, that this Court retain jurisdiction over any further application or matter which may arise in connection with this action; and it is further

**ORDERED**, that no claim submitted after December 23, 2005 may be accepted for any reason whatsoever.

Dated: Milwaukee, Wisconsin, Jan 19, 2006

BY THE COURT:

_____
Honorable Lynn Adelman
United States District Judge